B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| | |

| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  Michael P. Duff, (Cal Bar No. 230280)
   Attorney at Law
2  1035 E. Vista Way, Suite 197
   Vista, California 92084
3  Tel: (760) 420-9298
   Fax: (760)546-0525
4

5  Attorneys for: Plaintiff, Lea Hernandez Sioson

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Chapter 7 |
| EDMUND ORTIZ, | Bankruptcy Case No.: 18-07247-CL7 |
| Debtor. | Adversary Case No.: |
| | |
| LEA HERNANDEZ-SIOSON, | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 & 727, CONVERSION, UNJUST ENRICHMENT, AND CONSTRUCTIVE TRUST** |
| Plaintiff, | |
| v. | |
| EDMUND ORTIZ, an Individual; and LIBERTY ORTIZ, an Individual | |
| Defendants. | |

COMES NOW, Plaintiff, LEA HERNANDEZ-SIOSON, by and through her counsel, for her Complaint for Determination of Dischargeability of Debts and Objection to Discharge against Defendant/ Debtor EDMUND ORTIZ, and for Conversion Unjust Enrichment and Constructive Trust against Debtor/ Defendant EDMUND ORTIZ, and Defendant/ Non-Debtor LIBERTY ORTIZ.

**THE PARTIES**

1. LEA HERNANDEZ-SIOSON, ("Plaintiff") is a named creditor in the above-referenced Bankruptcy Case, and at all times herein mentioned, was, and is a resident of the City of San Diego, County of San Diego, California;

2. EDMUND ORTIZ, ("Debtor/ Defendant") is the named Debtor in the above-referenced Bankruptcy Case, and at all times herein mentioned, was, and is a resident of the City of San Diego,

1  County of San Diego, California;

2  3. LIBERTY ORTIZ, ("Defendant/Non- Debtor") is the mother of Defendant/ Debtor and
3  at all times herein mentioned, was, and is a resident of the City of San Diego, County of San Diego,
4  California;

## JURISDICTION AND VENUE

6  4. On December 5, 2018, (the "Petition Date"), Debtor /Defendant EDMUND ORTIZ, filed
7  a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code in the United States
8  Bankruptcy Court for the Southern District of California;

9  5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and
10 §1334;

11 6. This is an action pursuant to Rules 4007 and 7001 of the Federal Rules of Bankruptcy
12 Procedure for a determination that a debt owed by Defendant to Plaintiff that is not dischargeable
13 under §§523(a)(6) of the Bankruptcy Code;

14 7. This is a core proceeding under 28 U.S.C. §157;

15 8. The Bankruptcy Court has jurisdiction over Defendant/ Non-Debtor LIBERTY ORTIZ,
16 pursuant to Federal Rules of Bankruptcy Procedure, Rules 7019 and 7020;

17 9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

## GENERAL ALLEGATIONS

19 10. In or about July, 2017, Plaintiff opened, as a sole proprietor, the business known as
20 "SUPREME ONE SD" which is a retail seller of tobacco and tobacco related items, located at 3400
21 E. 8th Street, Suite 108, National City, California;

22 11. Plaintiff registered her sole proprietor business with the County of San Diego's
23 Recorder's Office on July 11, 2017, by filing a Fictitious Business Name Statement under the
24 business name "SUPREME ONE SD";

25 12. Plaintiff employed the assistance of Debtor/ Defendant Edmund Ortiz to operated the
26 day-to-day business of "SUPREME ONE SD";

27 13. Debtor/ Defendant Edmund Ortiz received a portion of the profits received from the
28 operation of "SUPREME ONE SD" as just compensation for the work performed in overseeing the

- 2 -

1  day-to-day operation of the business;

2      14. On or about July 17, 2018, Plaintiff went to the business location for "SUPREME ONE
3  SD" at 3400 E. 8th Street, Suite 108, National City, California, to inspect the premises which was
4  locked and empty of all business assets, furniture, fixtures, equipment, inventory, and personal items
5  of Plaintiff used in connection with the operation of the business;

6      15. On or about July 21, 2018, Debtor/ Defendant Edmund Ortiz was witnessed selling for
7  cash, at a swap meet in San Diego, California, tobacco and tobacco related items of the same type
8  as was taken by Debtor/ Defendant Edmund Ortiz from Plaintiff on or about July 17, 2018;

9      15.  On or about July 27, 2018, Defendant/ Non-Debtor, Liberty Ortiz registered, as a sole
10 proprietor, with the San Diego County Recorder's Office the name "SUPREME ONE SOCAL";

11     16. On or about August 17, 2018, Debtor/ Defendant Edmund Ortiz, and Defendant/ Non-
12 Debtor, Liberty Ortiz, began operating the business known as "SUPREME ONE SOCAL" located
13 at 3400 E. 8th Street, Suite 108, National City, California, which is the same exact location Plaintiff
14 operated her business known as "SUPREME ONE SD" with Debtor/ Defendant Edmund Ortiz;

15     17. On or about August 1, 2018, Plaintiff's attorney sent a lettered to Debtor/ Defendant
16 Edmund Ortiz, and Defendant/ Non-Debtor, Liberty Ortiz demanding Plaintiff's property be
17 returned;

18     18. On or about October 17, 2018, Plaintiff filed a civil action in the San Diego County
19 Superior Court as case number 37-2018-00052399-CU-BT-CTL, against  Debtor/ Defendant
20 Edmund Ortiz, and Defendant/ Non-Debtor, Liberty Ortiz alleging causes of action for conversion
21 and constructive trust;

22     19. On or about December 5, 2018, the Debtor/ Defendant Edmund Ortiz filed a Chapter 7
23 bankruptcy proceeding in the Southern District of California as case number 18-07247-CL7;

24                        **FIRST CLAIM FOR RELIEF**
                    **(Non-Dischargeability- 11 U.S.C. §523(a)(6))**
25                      (Against Debtor/ Defendant Edmund Ortiz )

26     20. Plaintiff realleges  and herein incorporate by this reference paragraphs 1 through 19 of
27 this Complaint as though fully set forth at this point;

28     21. Title 11 of the United States Code, Section 523(a)(6) reads in part:

- 3 -

> *(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b)*
>
> *of this title does not discharge an individual debtor from any debt—...*
>
> *(6) for willful and malicious injury by the debtor to another entity or to*
>
> *the property of another entity;*

22. By converting the business assets, furniture, fixtures, equipment, inventory, and personal items of Plaintiff used in connection with the operation of the business and hypothecating, trading, selling or transferring the business assets, furniture, fixtures, equipment, inventory, and personal items of Plaintiff used in connection with the operation of the business, without the authorization or consent of Plaintiff, Debtor/ Defendant Edmund Ortiz willfully and maliciously caused damage and injury to the property of Plaintiff.

23. All or part of the debt owed to Plaintiff by Debtor/ Defendant Edmund Ortiz is non-dischargeable as it is a debt for willful and malicious damage and injury to the property of Plaintiff, caused by Debtor/ Defendant Edmund Ortiz, within the meaning of 11 U.S.C. §523 (a)(6);

**SECOND CLAIM FOR RELIEF**
**(Non-Dischargeability- 11 U.S.C. §727(a)(4)(A))**
(Against Debtor/ Defendant Edmund Ortiz )

24. Plaintiff realleges and herein incorporate by this reference paragraphs 1 through 23 of this Complaint as though fully set forth at this point;

25. Title 11 of the United States Code, Section 727 (a)(4)(A) reads in part:

> *(a) The court shall grant the debtor a discharge, unless—...*
>
> *(4) the debtor knowingly and fraudulently, in or in connection with the case—...*
>
> *(A) made a false oath or account;*

26. As detailed herein, Debtor/ Defendant Edmund Ortiz has no interest in the business assets, inventory, fixtures, and/ or furniture of the business known as "SUPREME ONE SD", nor any interest in the business assets, inventory, fixtures, and/ or furniture of the business known as "SUPREME ONE SOCAL". However, the Debtor/ Defendant Edmund Ortiz has claimed exemptions in the property of "SUPREME ONE SD", and "SUPREME ONE SOCAL". The Debtor/ Defendant Edmund Ortiz has made false statements as he has no interest in any of the business assets, inventory, fixtures, and/ or furniture of the business known as "SUPREME ONE

- 4 -

1  SD", or "SUPREME ONE SOCAL" as neither business is registered in his name;

2  27. In Debtor/ Defendant Edmund Ortiz's voluntary bankruptcy petition referenced above, Debtor/ Defendant Edmund Ortiz stated he is also doing business as "SUPREME ONE SOCAL", and formally doing business as "SUPREME ONE SD". These statements are false as "SUPREME ONE SD" is registered to Plaintiff, and "SUPREME ONE SOCAL" is registered to Debtor/ Defendant's mother Liberty Ortiz, the above named non-debtor Defendant.

28. By virtue of Debtor/ Defendant's false representation and omissions, and the oath he took concerning the veracity of his submissions, Debtor/ Defendant's discharge should be denied under 11 U.S.C. § 727 (a)(4)(A).

**THIRD CLAIM FOR RELIEF**
**(Conversion)**
(Against all Defendants)

29. Plaintiff realleges and herein incorporate by this reference paragraphs 1 through 28 of this Complaint as though fully set forth at this point;

30. At all times herein mentioned, and in particular on or about July 17, 2018, Plaintiff was, and still is, a 100% owner of "SUPREME ONE SD", and was, and still is, entitled to a 100 % ownership interest in the personal and real property of "SUPREME ONE SD";

31. On or about July 17, 2018, and in National City, County of San Diego, California, the property described above had a value in excess of $50,000.00;

32. Defendants took all business assets, furniture, fixtures, equipment, inventory, and personal items from Plaintiff, used in connection with the operation of the business "SUPREME ONE SD" and converted the same to his and her own use;

33. Between the time of the Defendants' conversion of the above-mentioned property to his and her own use and the filing of this action, Plaintiff has spent over 10 hours and $1000.00, in an attempt to reacquire her property, and as such Plaintiff has been damaged in an amount according to proof at time of trial;

34. The aforementioned conduct of the Defendants was intentional, thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and willful and wanton, and constituted malice, oppression, and fraud in that the Defendants demonstrated a conscience and

- 5 -

deliberate disregard of the safety, and interest of others, and as such, Plaintiff, is entitled to exemplary damages;

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**
(Against all Defendants)

35. Plaintiff realleges and herein incorporate by this reference paragraphs 1 through 34 of this Complaint as though fully set forth at this point;

36. Defendants have benefitted from the receipt of property from Plaintiff in the form of all business assets, furniture, fixtures, equipment, inventory, and personal items of Plaintiff which were the property of Plaintiff, and for which Defendants have not adequately compensated Plaintiff;

37. This enrichment was at the expense of Plaintiff;

38. Equity and good conscience require full restitution of the business assets, furniture, fixtures, equipment, inventory, and personal items of Plaintiff which were the property of Plaintiff, received by Defendants from Plaintiff;

39. Defendants' conscious, intentional and willful conduct entitles Plaintiff to recapture profits derived by Defendants utilizing business assets, furniture, fixtures, equipment, inventory, and personal items of Plaintiff, which they received from Plaintiff, including, and without limitation, profits earned from "SUPREME ONE SOCAL";

40. The aforementioned conduct of the Defendants was intentional, thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and willful and wanton, and constituted malice, oppression, and fraud in that the Defendants demonstrated a conscience and deliberate disregard of the safety, and interest of others, and as such, Plaintiff, is entitled to exemplary damages;

**FIFTH CLAIM FOR RELIEF**
**(Constructive Trust)**
(Against all Defendants)

41. Plaintiff realleges and herein incorporate by this reference paragraphs 1 through 40 of this Complaint as though fully set forth at this point;

42. This is an action seeking equitable redress for Defendants' illegal course of conduct in taking as their own, the personal property, product inventory, fixtures, furniture, cash, gross profits

1 and equipment of the business known as "SUPREME ONE SD", and converting the same to his and hers own use for the business known as "SUPREME ONE SO CAL";

43. A constructive trust is an equitable remedial device by which a court adjudges specific restitution of a received benefit. Constructive trusts may be imposed when a defendant has acquired legal title to property or money under such circumstances that he or she or it may not in good conscience retain the beneficial interest in the property, and in such a situation, equity converts the legal titleholder into a trustee holding the title for the benefit of those entitled to the ownership thereof.

44. A constructive trust should be imposed for the purpose of preventing unjust enrichment by the Defendants for the loss of use and the value of the use of product inventory, fixtures, furniture, cash, gross profits and equipment of Plaintiff's business known as "SUPREME ONE SD";

45. The Defendants will gain an unconscionable advantage in the retention of personal property, product inventory, fixtures, furniture, cash, gross profits and equipment of Plaintiff's business known as "SUPREME ONE SD", if the Defendants do not pay the value of the use of this property. A constructive trust should be imposed to prevent unjust enrichment. It is against equitable principles to use the personal property, product inventory, fixtures, furniture, cash, gross profits and equipment of Plaintiff's business without payment to Plaintiff;

46. Defendants have been enriched by not paying the value of the use of Plaintiff's property described above to Plaintiff, as the Plaintiff has lost the value of the stream of income from the property. The value the Defendants have gained from the unpaid use of Plaintiff's property is in excess of $50,000.00.

WHEREFORE, Plaintiffs pray judgment as follows:

**FIRST CLAIM FOR RELIEF**

1. For judgment determining Plaintiff's claims for conversion, unjust enrichment against Debtor/ Defendant Edmund Ortiz are non-dischargeable under 11 U.S.C. §523(a)(6);
2. For reasonable attorney fees;
3. For cost of suit herein incurred; and
4. For such other and further relief as the Court deems proper.

- 7 -

|  |  |
|---|---|
| 1 | **SECOND CLAIM FOR RELIEF** |
| 2 | 1. For judgment determining that Debtor/ Defendant's discharge should be denied under 11 |
| 3 | U.S.C. §727 (a)(4)(A); |
| 4 | 2. For reasonable attorney fees; |
| 5 | 3. For cost of suit herein incurred; and |
| 6 | 4. For such other and further relief as the Court deems proper. |
| 7 | **THIRD CLAIM FOR RELIEF** |
| 8 | 1. For damages according to proof; |
| 9 | 2. For reasonable attorney fees; |
| 10 | 3. For punitive damages according to proof; |
| 11 | 4. For cost of suit herein incurred; and |
| 12 | 5. For such other and further relief as the Court deems proper. |
| 13 | **FOURTH CLAIM FOR RELIEF** |
| 14 | 1. For damages according to proof; |
| 15 | 2. For reasonable attorney fees; |
| 16 | 3. For punitive damages according to proof; |
| 17 | 4. For cost of suit herein incurred; and |
| 18 | 5. For such other and further relief as the Court deems proper. |
| 19 | **FIFTH CLAIM FOR RELIEF** |
| 20 | 1. Constructive trust; |
| 21 | 2. For damages according to proof; |
| 22 | 3. For reasonable attorney fees; |
| 23 | 4. For cost of suit herein incurred; and |
| 24 | 5. For such other and further relief as the Court deems proper. |
| 25 |  |
| 26 |  |
| 27 | Dated: March 11, 2019                                     /S/ Michael P. Duff<br>                                                                       Attorney for Plaintiff |
| 28 |  |